JUDGE HARDIN
delivered the opinion oe the court.
The appellee brought this action to recover of the appellants $1,215.83, for money received to the plaintiff’s use, as the proceeds of the sales of one hundred barrels of flour consigned by the plaintiff at Paducah, Kentucky, to the defendants, in two parcels of fifty barrels each, and received by them for sale as commission merchants at Memphis, Tennessee; the first consignment being received January 17, 1868, and the last January 29,1868, and both parcels sold, yielding together the amount claimed in the petition. It appears that the proceeds of sales of the flour as received were deposited by the defendants to their own credit in the Gayoso Savings Institution, a bank of recognized responsibilty in Memphis; and on the 23d of January, 1868, they received from that bank, in payment of their own check on their deposits, a draft of the bank for $580.25 on the banking firm of Duncan, Sherman & Co., of New York; and on the 4th of February, 1868, they *484 in like manner obtained the draft of the bank on Duncan, Sherman & Co. for $635.57. These drafts were both made payable to the plaintiff’s order, and duly transmitted to and received by him; and it appears that on the receipt of the first draft the plaintiff forwarded-it to New York for presentment and payment, but that it was duly protested for nonpayment on the 5th of February, 1868, and returned to and received by the plaintiff at Paducah on the day of his receipt of the second draft; and therefore both drafts were remitted by him to the defendants, with notice that he would look to them for payment of the proceeds of the flour.
Admitting the receipt and sales of the flour, the defendants by their answer relied on their transmission to the plaintiff of said drafts of the Gayoso Savings Institution as a performance of their undertaking as factors, and a bar to the action.
A trial of the cause by the court resulted in a judgment for the plaintiff for $1,215.83, from which this appeal is prosecuted.
The only material question to be determined is, whether, conceding the right of the appellants to remit the proceeds of the sales as received to the appellee by bank exchange according to what appears to have been the custom of commission merchants at Memphis, the act of depositing the money in the bank to their own credit, thus placing it beyond the control of the appellee, and creating a liability therefor of the bank to themselves, did not change the character of their responsibility to the appellee, from that which the law devolved on them as agents to that of his debtors for the funds so deposited.
It appears from the evidence the appellants deposited the money in the bank as their own, and it was placed to their general credit with the bank with other money previously deposited and subject to their drafts; and it is neither alleged nor proved that this disposition of the proceeds of the appel *485 lee’s property was authorized by the terms of the appellants’ agency, or any special direction of their principal. It is a general rule that if a trustee or agent makes an unauthorized investment or deposit of funds in his hands as such together with his own money in a common account with a banker, such a disposition will be treated as a conversion of the funds, and devolves on him any loss which may be sustained by the banker’s insolvency (Story’s Equity Jurisprudence, sec. 1270; Story on Agency, 208); and no sufficient reason is shown in this case for exempting it from the operation of this rule.
Nor did the acceptance of the first draft sent to the appellee, on Duncan, Sherman & Co., which was protested and returned, without laches on the part of the appellee, extinguish the pre-existing liability of the appellants. (Hager v. Boswell, &c., 4 J. J. Marshall, 62; Story on Bills of Exchange, sec. 109.)
The second draft remitted to the appellee, not having been accepted, was properly returned by him with the previous one, which had proved fruitless as a payment.
Wherefore the judgment is affirmed.